IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 04-cv-02048-LTB

JOHN A. FLEMING,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.
_____

ORDER
_____

This matter is before me on a Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), filed by Plaintiff, John A. Fleming, following my order reversing the Social Security Administration ("SSA") Commissioner's final decision that denied his application for disability insurance benefits.

I. BACKGROUND

Plaintiff sought judicial review with this court of the SSA Commissioner's final decision denying his application for disability insurance benefits. After consideration of the parties' briefing and the administrative record, I entered an order on July 27, 2005, in which I reversed the Commissioner's final decision and remanded the matter for further proceedings. In that order I agreed with Plaintiff that the Administrative Law Judge (ALJ) erred when assessing Plaintiff's residual functional capacity ("RFC") at Step Four of the disability evaluation process. Judgment subsequently entered on September 29, 2005. Plaintiff now seeks an award of attorney fees pursuant to the EAJA.

II. LAW

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).  The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct ." *Id.* at 566, FN.2

The reasonableness test breaks down into three parts.  The government bears the burden to show that: 1) there is a reasonable basis for the facts alleged; 2) there exists a reasonable basis in law for the theory it propounds; and 3) the facts alleged will reasonably support the legal theory advanced. *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988).  "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

"[T]he EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).  Thus, I must look at

the totality of circumstances to determine whether the government acted reasonably in taking a stance during the litigation. *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 138 (4th Cir. 1993).

### III.  ANALYSIS

In my reversal order, I reviewed the propriety of the ALJ's RFC assessment and his conclusion that Plaintiff was not disabled. After reviewing Plaintiff's medical records and Plaintiff's credibility, the ALJ found that Plaintiff retained the RFC to:

> lift/carry 40 pounds frequently and 50 pounds occasionally, if permitted postural shifts that do not require [Plaintiff] to leave the workstation. He can occasionally stoop, climb stairs, and crouch, but is precluded from working, balancing, or climbing at heights, kneeling, crawling, operating foot controls, and working around exposure to temperature extremes.

Given this RFC assessment, the ALJ determined that Plaintiff past relevant work as a hand packer did not require the performance of work-related activities precluded by his RFC and, thus, the ALJ ruled that Plaintiff was not disabled.

In my ruling I determined that the ALJ made an error of law by failing to specifically address Plaintiff's functional capacity to stand and walk in an eight hour workday when assessing his RFC as required by *Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996) and SSR 96-8p, 1996 WL 374184, at 1 ("[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. . ."). I also ruled that Plaintiff's standing/walking limitation was not adequately addressed in the operative hypothetical presented to the vocational expert and that the ALJ failed to adequately develop the evidence in light of the fact that Plaintiff was not represented by counsel. As such, I concluded that the ALJ's ruling was not grounded in substantial evidence.

Plaintiff now contends that the Commissioner's litigation position in the underlying appeal before me was not reasonable.  Specifically, Plaintiff asserts that the Commissioner conceded that the ALJ failed to include a standing or walking limitation in his RFC assessment in violation of the legal requirement that he make a function-by-function assessment.  The Commissioner further argued, however, that the ALJ's failure to specifically consider a standing or walking limitation was, in essence, harmless because there was sufficient evidence in the record – in the form of evidence of Plaintiff's reported daily activities and the report of a consultive physician  – to support the ALJ's ultimate conclusion despite the omission of a standing and walking limitation in his RFC assessment.

For the purposes of assessing a fee award under the EAJA, the Commissioner's position, when viewed under a totality of the circumstances, was reasonable.  The evidence in the record, although admittedly conflicting, could have been sufficient to support the ALJ's conclusions if that functions of standing and walking were properly addressed.  The ALJ's findings specified that it considered all the evidence in the record.  Moreover, my review of the ALJ's order and the sufficiency of the evidence in support of those findings was extremely limited.  The Commissioner's position on appeal, which properly conceded that the ALJ's RFC assessment was defective, was not unreasonable in fact or in law under the circumstances of this case.  *See Hadden v. Bowen,* 851 F.2d 1266, 1269 (10th Cir. 1988)(lack of substantial evidence on the merits is not necessarily equivalent to lack of substantial justification warranting an award of attorney fees under the EAJA).  To the extent that Plaintiff argues that the ALJ also erred in failing to apply the treating physician's rule, I note that issue was neither reached nor decided in the appeal.

Although I did not agree with the Commissioner that the ALJ's error was harmless, I also do not agree with Plaintiff that the Commissioner's position on appeal – which conceded the legal error, but argued that it was harmless under the circumstances – was not substantially justified. The Commissioners' position, although ultimately unsuccessful, had a reasonable basis in the facts alleged, the theory of law advanced, and the application of those facts to the law.  Therefore, I conclude that the Commissioner's appellate argument before me was substantially justified and, as such, bars an award of attorney fees under the EAJA.  *Compare with Gatson v. Bowen*, *supra,* 854 F.2d at 381 (SSA's position was unreasonable, and thus lacked substantial justification under the EAJA, when it argued an incorrect theory of law).

Accordingly,  IT IS ORDERED that Plaintiff's Petition for Attorney Fees Under Equal Access to Justice Act [#25] is DENIED.

Dated: December   7  , 2005 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE